IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN LOUIS TURNER, JR., | Case No. 1:17-CV-1070 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | MAGISTRATE JUDGE THOMAS M. PARKER |
| WARDEN CLARK SCOTT, | |
| Respondent. | **ORDER** |

Petitioner, John Louis Turner, Jr., has filed several *pro se* motions seeking various relief related to his argument that the state trial court failed to comply with the requirement of Ohio R. Crim. P. 44(C) that waivers of counsel be in writing in serious offense cases.[1] ECF Docs. 29–32. Specifically, Turner has filed: (1) a "motion to alter or amend the judgment" under Fed. R. Civ. P. 59(e); (2) a "supplemental motion to alter or amend judgment"; (3) a "motion for injunction on appellate courts ruling"; and (4) a "petition for a writ of mandamus to compel the appellate court to comply with Ohio Crim. R. 44(c)." ECF Docs. 29–32.

### I.  Procedural History

Turner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on May 22, 2017, raising five claims for relief. ECF Doc. 1. Respondent filed his return of writ on October 25, 2017. ECF Doc. 19. Turner filed his traverse on November 17, 2017, and a supplemental

---

[1] Turner raised this argument in Ground Two of his petition and expanded upon it in a supplemental brief, which this court ordered would be considered in addressing the merits of his petition. ECF Docs. 1, 25, and 27, Page ID# 8, 14, 2162–66, 2178.

traverse on May 11, 2018. ECF Docs. 21 and 26. Since filing his habeas petition, Turner has filed numerous motions, supplements, and letters seeking various relief, including release from custody and monetary damages. The court addressed two of Turner's motions and letters in a September 25, 2017, order and four other motions and letters in a February 16, 2018, order. ECF Docs. 14 and 23. This order resolves four additional filings.

## II. Motion to Alter or Amend the Judgement

In his "motion to alter or amend the judgment" and supplement to that motion, Turner argues that this court should amend the trial court's judgment of conviction and the state appellate court's decision affirming his judgment of conviction, under Fed. R. Civ. P. 59(e). ECF Docs. 29 and 30. Turner asserts that, because the trial court violated his Sixth Amendment right to counsel and Fourteenth Amendment right to due process by failing to comply with Ohio Crim. R. 44(c), the state courts' decisions were manifestly unjust, and this court has an obligation to correct them. ECF Docs. 29 and 30, Page ID# 2183–84, 2187–92. He also asserts that the state trial court and prosecutor violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over pictures of the vehicles involved in his theft and transcripts or tapes of a 911 call. ECF Doc. 30, Page ID# 2193.

Under Fed. R. Civ. P. 59(e), a civil litigant may move for a court to alter or amend the judgment in the civil case before it. *See* Fed. R. Civ. P. 59(e). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Nothing within Rule 59(e) gives federal courts on habeas review authority to alter or amend a state court conviction or state appellate court decision affirming that conviction. *See*

*generally* Fed. R. Civ. P. 59(e). Accordingly, Turner's motion to alter or amend his state court conviction and the state appellate court decision affirming his conviction is DENIED.[2]

### III. Motion for an Injunction

In his motion for an injunction, Turner asks this court to enjoin the state appellate court from reviewing *de novo* the facts concerning his claim that the trial court failed to comply with Ohio R. Crim. P. 44(C). ECF Doc. 31, Page ID# 2196–97. In his argument, he asserts that the state appellate court exceeded its constitutional limitations by reviewing the facts *de novo*, because the facts in the record allegedly indicated that: (1) the trial court exceeded its authority when it failed to comply with Rule 44(C); (2) the trial court lacked jurisdiction to convict him; and (3) the trial court was biased against him. *Id.* at 2198–200. Thus, Turner requests that this court "command[] the [state] court of appeals to grant petitioner relief" (presumably from his conviction), and prohibit the state appellate court from "allow[ing] a[] *de novo* judicial review that only affirm[s] the lower court decision." *Id.* at 2199–200.

Federal courts' authority to enjoin state court proceedings is extremely limited. *See*, *e.g.*, *Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating that federal courts may enjoin pending state criminal proceedings only when the danger of irreparable loss is both great and immediate, and noting that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"). When a state prisoner seeks to challenge his state court conviction and subsequent proceedings on the grounds that constitutional violations occurred, an injunction is not the appropriate remedy. *Cf. United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent *future* violations." (emphasis added)). Instead, the appropriate remedy is for the petitioner to seek a writ of habeas corpus

---

[2] To the extent that Turner's motion could be construed as a motion to alter or amend the judgment in his habeas case, the court notes that judgment has not yet been entered in this case.

3

under 28 U.S.C. § 2254. *Cf. Rittenberry v. Morgan*, 468 F.3d 331, 336–38 (6th Cir. 2006) (explaining that § 2254 is the exclusive vehicle for state prisoners to challenge the validity of their state convictions). Because this court has no authority to enjoin the state courts actions in Turner's already completed criminal proceedings, his motion for an injunction is DENIED.

### IV.     Petition for Writ of Mandamus

In his "petition for a writ of mandamus," Turner asks this court to order the state appellate court to: (1) comply with Ohio R. Crim. P. 44(C); (2) order his immediate release; and (3) award him $3 million for mental anguish. ECF Doc. 32, Page ID# 2202–04. "[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Indeed, as noted above, a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive remedy for a state prisoner seeking to challenge his already completed state court conviction and subsequent proceedings. *See Rittenberry*, 468 F.3d at 336–38. Accordingly, Turner's petition for writ of mandamus is DENIED.

### V.     Conclusion

Turner's motion to alter or amend the judgment (ECF Doc. 29), supplemental motion to alter or amend the judgment (ECF Doc. 30), motion for an injunction (ECF Doc. 31), and petition for writ of mandamus (ECF Doc. 32) are not well taken, and they are hereby **DENIED**.

IT IS SO ORDERED.

Dated: November 20, 2018

Thomas M. Parker
United States Magistrate Judge