# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN LOUIS TURNER, | CASE NO. 1:17-CV-1070 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| vs. | |
| | MAGISTRATE JUDGE |
| | THOMAS M. PARKER |
| CLARK SCOTT, | |
| | MEMORANDUM OPINION |
| Respondent. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas M. Parker. The Report and Recommendation (ECF #34), submitted on February 19, 2019, is hereby ADOPTED by this Court. As such, Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

## Procedural and Factual Background

This case arises from Petitioner's conviction in Lake County, Ohio Court of Common Pleas for seven counts of theft and one count of witness intimidation. (ECF #34 at 1).

Petitioner filed over 90 *pro se* pretrial motions, including two motions to represent himself. (*Id.*). At a hearing on December 22, 2014, the state trial court found that Petitioner knowingly, voluntarily, and intelligently waived his right to counsel, granted his motion to represent himself, and appointed standby counsel. (*Id.* at 3). Petitioner also filed six *pro se* motions to dismiss the charges against him based on the Double Jeopardy clause of the Fifth and Fourteenth Amendments, as well as three *pro se* motions to suppress evidence obtained through the GPS monitoring device the Adult Parole Authority placed on him after his arrest in December 2013. (*Id.*). Additionally,

Petitioner filed numerous motions for exculpatory evidence and *Brady* material. (*Id.* at 4).

A jury found Petitioner guilty of seven counts of theft and one count of witness intimidation. (*Id.*). On October 5, 2015, the state court sentenced Petitioner to an aggregate prison sentence of 120 months. (*Id.* at 5). Petitioner filed several post-conviction motions, including a motion for acquittal, a petition for post-conviction relief, and a motion for a new trial. (*Id.* at 8). On October 14, 2015, the state court denied Petitioner's motions for acquittal and new trial and dismissed his petition for post-conviction relief. (*Id.*).

Petitioner subsequently perfected an appeal within the state court system, and his conviction was affirmed on June 30, 2016. (*Id.* at 5-6). The Supreme Court of Ohio declined jurisdiction over Petitioner's appeal on April 19, 2017. (*Id.* at 7-8). Prior to the Ohio Supreme Court's declination of jurisdiction of the direct appeal, Petitioner filed a *pro se* motion to certify a conflict on the issue of whether "no written sign waiver in open court violates Crim. R. 44(C)." (*Id.* at 9). The court of appeals overruled Petitioner's motion because the Ohio Supreme Court had resolved the alleged conflict in *State v. Martin*, 103 Ohio St. 3d 385, 392-394 (2004). (*Id.*).

On May 22, 2017, Petitioner, *pro se*, filed the instant petition for habeas relief. (ECF #1). Petitioner alleges five grounds of relief: (1) by using GPS evidence, the prosecution forced Petitioner to testify against himself; (2) the trial court did not fully comply with Crim. R. 44(C)'s requirement for a written and signed waiver; (3) the prosecution committed discovery violations by suppressing photographic evidence of the vehicles in question; (4) his criminal prosecution violated his Fifth and Fourteenth Amendment right against double jeopardy; and (5) there was no valid international maritime contract. Respondent filed his Return of Writ on October 25, 2017. (ECF #19). Petitioner filed a Traverse on May 11, 2018. (ECF # 26).

2

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Thomas M. Parker for the preparation of a report and recommendation. Magistrate Judge Parker issued his Report and Recommendation on February 19, 2019, recommending that Petitioner's Writ of Habeas Corpus be dismissed as either procedurally defaulted, noncognizable, or as lacking merit. (ECF # 34 at 31-32). Objections to the Report and Recommendation were to be filed within 14 days of service. Petitioner filed his Objections to the Magistrate's Report and Recommendation on February 28, 2019. (ECF #36). This matter is now ripe for review.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

As Petitioner has filed an Objection, this Court reviews the Report and Recommendation *de novo*.

**Discussion**

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. Petitioner's objections to the Report and Recommendation were seemingly two-fold. First, it seems as if Petitioner is arguing that his claims were not procedurally defaulted due to his attempt to file a habeas petition with the 11th District Court of Appeals in Ohio. However, Petitioner's claims, as stated in Magistrate Judge Parker's Report and Recommendation, are procedurally defaulted due to the fact that Petitioner failed to fairly raise each of these claims before the state courts while state remedies were available. Furthermore, in addition to being procedurally defaulted, Magistrate Judge Parker found that Petitioner's claims lack merit and/or are noncognizable federal issue. This Court agrees with the Report and Recommendation in this regard.

Second, Petitioner repeats his argument that a Crim. R. 44(C) violation is reversible error rather than harmless error as the 11th District held upon his direct appeal. As stated in Magistrate Judge Parker's Report and Recommendation, this argument is procedurally defaulted, noncongnizable, and fails on its merits, and this Court agrees.

The Court finds that Magistrate Judge Parkers's Report and Recommendation to be thorough, well-written, well-supported, and correct. After a *de novo* review of the record and Petitioner's Objection, the Court ADOPTS the Report and Recommendation of Magistrate Judge Parker. (ECF # 34). Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part,

as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

5

either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 21, 2019